UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PERFORMANCE TRANS., INC., and UTICA MUTUAL INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> GENERAL STAR INDEMNITY COMPANY, <br><br> Defendant. | CIVIL ACTION NO. 4:19-CV-40086 |

## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs Performance Trans., Inc. ("PTI") and Utica Mutual Insurance Company ("Utica") move for summary judgment on Counts I, II, and IV of the Complaint, which assert claims for declaratory judgment, breach of contract, and equitable subrogation against defendant General Star Indemnity Company.[1]  Fed. R. Civ. P. 56 and L.R. 56.1.  In support of their motion, the plaintiffs have submitted a memorandum, L.R. 56.1 statement, and affidavit of counsel, and further state as follows.

1. This is an action against General Star for its wrongful disclaimer of coverage for losses arising out of a February 19, 2019 accident in which a tanker-truck overturned, spilling approximately 4,300 gallons of gasoline, diesel fuel, and dyed diesel fuel onto the roadway and nearby reservoir ("Accident").

2. At the time of the Accident, the tanker-truck was insured under a commercial auto

---

[1] If the coverage issue is resolved in plaintiffs' favor, further proceedings will be necessary with respect to the plaintiffs' M. G. L. c. 93A claim in Count III of the Complaint.  Although the parties previously agreed that the coverage issue could be decided without full paper or deposition discovery, if the plaintiffs prevail on the coverage issue, additional discovery will be necessary on the 93A claim.  See Incase Inc. v. Timex Corp., 488 F.3d 46, 57 (1st Cir. 2007) (whether a particular set of acts is unfair or deceptive is a question of fact).

policy issued to PTI, and under an excess liability policy issued by General Star ("Excess Policy").

3. PTI's primary commercial auto carrier acknowledged coverage for the Accident under its policy and paid out its full $1,000,000 limits.

4. General Star, despite receiving timely notice of the Accident, wrongfully disclaimed coverage under the Excess Policy.

5. As to these counts of the Complaint, the parties agree that there are no genuine issues of fact and that the coverage issue can be decided as a matter of law.

6. The plaintiffs are entitled to summary judgment because the Excess Policy, per the plain language of the policy, covers losses arising out of the Accident.

## REQUEST FOR ORAL ARGUMENT

Pursuant to L.R. 7.1(d), the plaintiffs believe that oral argument may assist the court and wish to be heard on their motion for summary judgment.

## CERTIFICATION PURSUANT TO L.R. 7.1(a)(2)

Pursuant to L.R. 7.1(a)(2), PTI and Utica hereby certify that they have conferred with General Star and attempted in good faith to resolve or narrow the issues in the plaintiffs' motion for summary judgment. The parties spoke by phone on August 16, 2019, but were not able to reach an agreement.

WHEREFORE, the plaintiffs respectfully request that the court enter summary judgment in their favor against General Star on Counts I, II, and IV of their Complaint and award the following relief:

A. Enter a declaratory judgment on Count I ordering General Star to:

(i) reimburse PTI and Utica for all amounts paid in connection with the

                Accident in excess of the $1,000,000 limit of the primary policy, up to the $5,000,000 limit of the Excess Policy;

        (ii)     reimburse PTI and Utica for all other damages that they have incurred and will incur as a result of General Star's prior disclaimers of coverage; and

        (iii)    reimburse PTI and Utica for all legal fees and costs incurred to establish coverage under the Excess Policy.

B.     Enter judgment in plaintiffs' favor against General Star on Counts II and IV of the Complaint.

C.     Enter judgment in plaintiffs' favor and against General Star on all counts of General Star's Counterclaims.

D.     Award any additional relief that the court deems just and proper.

Respectfully submitted,

PERFORMANCE TRANS., INC.

By its attorney,

*/s/ Douglas T. Radigan*
Douglas T. Radigan, Esq. (BBO # 657938)
Bowditch & Dewey, LLP
311 Main Street
Worcester, MA 01608
Phone: 508-791-3511
dradigan@bowditch.com

UTICA MUTUAL INSURANCE COMPANY,

By its attorneys,

*/s/ Erin K. Higgins*
Erin K. Higgins, Esq. (BBO # 559510)
Catherine M. DiVita, Esq. (BBO # 693446)
Conn Kavanaugh Rosenthal Peisch & Ford, LLP
One Federal Street, 15th Floor
Boston, MA 02110
Phone: 617-482-8200
ehiggins@connkavanaugh.com
cdivita@connkavanaugh.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served electronically upon each party appearing *pro se* and the attorney of record for each other party via the court's CM/ECF system on August 19, 2019.

*/s/ Erin K. Higgins*

2198119.1 07663.168